UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 3:21-CV-1168(AWT) |
| | : | |
| | : | |
| YALE, | : | |
| *Defendant.* | : | |
| _____ | : | |

RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND INITIAL REVIEW ORDER

On September 1, 2021, the plaintiff, Benjamin Smith (hereinafter, "Smith" or "plaintiff"), utilizing an employment discrimination form Complaint, brought this action against defendant, Yale (hereinafter, "defendant" or "Yale"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*  In his complaint, which is sparse on factual detail, plaintiff alleges that defendant engaged in employment discrimination when the defendant failed to hire and/or promote him on the basis of his race and color.  Doc. No. 1, at 3. The plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis.*  Doc. No. 2.  On October 19, 2021, United States District Judge Alvin W. Thompson issued an Initial Review Order and referred it, along with the Motion for Leave to Proceed *in Forma Pauperis*, to the undersigned.  Doc. Nos. 7 and 9.  For the reasons set forth below, the Court recommends that plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 2) be **DENIED**, without prejudice. Further, for the reasons set forth below, the Court finds that plaintiff's complaint does not contain sufficient allegations to support a Title VII discrimination claim and recommends that the complaint be **DISMISSED**, without prejudice.

## I.      Factual Background

Plaintiff brought this action under Title VII for employment discrimination against

defendant Yale.[1]  Plaintiff's complaint consists almost entirely of checked boxes on a form

Complaint in which he invokes Title VII, alleges that defendant discriminated against him in

failing to hire and/or promote him and claims that the alleged discrimination was motivated by

his race and color.  Doc. No. 1, at 2-3.  Plaintiff's sole factual narrative consists of plaintiff's

answer to the following inquiry:

> 6. The facts surrounding my claim of employment discrimination are as follows
> [Attach additional sheets, if necessary]:
>
> "None eligibility (sic.) of hire during hiring date."

Doc. No. 1, at 3.  Beyond this cryptic reference, plaintiff does not offer any further factual detail

regarding his claim.  In addition, when asked to estimate the approximate number of persons

who are employed by defendant, plaintiff responded "0."  *Id*.  While plaintiff indicated that he

filed charges with the Equal Employment Opportunity Commission ("EEOC"), he neither

specified the date upon which he received a Notice of Right to Sue Letter from EEOC nor

attached such a letter to his complaint as required.  Lastly, plaintiff listed backpay as his

requested relief, but provided no further information as to the basis for such claim.  Doc. No. 1,

at 4.

## II.      Motion for Leave to Proceed *in Forma Pauperis*

Pending before the Court is plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

Doc. No. 2.  28 U.S.C. § 1915 provides, in pertinent part, that "any court of the United States

may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil

---

[1] Beyond naming the defendant as "Yale," plaintiff did not name any specific Yale entity such as Yale University, Yale-New Haven Hospital or any other specific Yale-affiliated entity.

or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

submits an affidavit that …[he] is unable to pay such fees or give security therefor."  28 U.S.C.

§ 1915(a).   Pursuant to §1915(a), the Court must first determine whether the plaintiff's financial

status merits proceeding *in forma pauperis*. *Brazeau v. Travis*, No. 96-CV-0783 (RSP) (RWS),

1996 WL 391701, at *1 (N.D.N.Y. July 9, 1996).  "The decision to grant or deny leave to

proceed *in forma pauperis* is within the sound discretion of the court."  *Patterson v. Rodgers*,

708 F. Supp. 2d 225, 230 (D. Conn. 2010) (internal citations omitted) (citing *Monti v. McKeon*,

600 F. Supp. 112, 113 (D. Conn. 1984)).  A motion to proceed *in forma pauperis* must be filed

with the district court and accompanied by an affidavit that includes "a statement of all assets

[and]…that the person is unable to pay [the] fees or give security therefor."  28 U.S.C. § 1915(a).

In his motion, plaintiff included a sworn statement[2] as to his current financial

circumstances.  Doc. No. 2-1, at 2-5.  Plaintiff's statement, however, has substantive

deficiencies.  First, from the limited information plaintiff has provided, the Court cannot discern

any details of plaintiff's current employment.  Plaintiff simply writes that he has worked for an

unnamed employer for "two months" but fails to specify, as required, the name and address of

his current employer, or the gross weekly income.  *Id*. at 3.  He also does not indicate whether he

has any other sources of income.  *Id.*  He also fails to state his marital status and whether he has a

spouse who receives any income.  *Id.*  Second, while plaintiff asserts that he has no assets and

has a negative balance in his bank account, he fails to list any expenses or other monthly

obligations.  Doc. No. 2-1, at 3-4.  In essence, the affidavit provides no information about

plaintiff's monthly income or his expenses.  *See generally* Doc. No. 2-1.  Indeed, plaintiff has

failed to complete a majority of the sections of the affidavit.  *Id.*  By failing to specify his gross

---

[2] Plaintiff filed the "Financial Affidavit in Support of Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915."

monthly income and to list his expenses, such as amounts spent on housing, food and utilities each month, the Court is unable to assess the merits of the motion. *See generally* Doc. No. 2-1. "The court may deny an application to proceed in forma pauperis if [the applicant] fails to submit the required financial information[.]" *Whatley v. Astrue*, No. 5:11-CV-1009 (NAM) (ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011), report and recommendation adopted, 2011 WL 5196716 (Oct. 31, 2011); *Schwarz v. I.R.S.*, 998 F. Supp. 201, 202 (N.D.N.Y. 1998) (denying application to proceed in forma pauperis as incomplete).

Accordingly, the Court recommends that plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be **DENIED**, without prejudice to re-filing. Plaintiff shall re-file his motion with an amended affidavit or pay the required filing fee on or before **January 18, 2022**, or this case shall be dismissed. If plaintiff chooses to re-file his motion with an amended affidavit, he must complete all of the required information, including any monthly obligations, any other sources of income or financial support, and any other information that is pertinent to his financial status.

### III.    Review of the Merits of the Complaint

The determination of whether an *in forma pauperis* plaintiff should be permitted to proceed under 28 U.S.C. § 1915 involves two separate considerations. First, the court must determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a). The Court has already addressed that issue above. Second, § 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). As presently written, plaintiff's complaint fails to state a cognizable claim under Title VII.

The Court generally construes complaints filed by self-represented plaintiffs liberally. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).  Nonetheless, even a self-represented plaintiff must set forth facts sufficient to afford the defendant fair notice of the claims and the grounds upon which they are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Here, plaintiff asserts a claim of employment discrimination pursuant to Title VII.  To make out a *prima facie* case of employment discrimination under Title VII, plaintiff must demonstrate that he (1) was within a protected class; (2) was qualified for the position at issue; (3) was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination based on membership in the protected class. *See Naumovski v. Norris*, 934 F. 3d  200, 214 n. 39 (2d Cir. 2019) (setting forth the familiar framework pronounced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Graham v. Long Island R.R.*, 230 F. 3d 34 (2d Cir. 2000).

Plaintiff's complaint is deficient in several respects.  First, an employer is not covered by the provisions of Title VII unless the employer has at least 15 employees. *See* 42 U.S.C. § 2000e(b).  Not only does plaintiff fail to allege that defendant has the requisite number of

employees, but he inexplicably states that the defendant has "0" employees.  If this Court

assumes that Yale University[3], located in New Haven, Connecticut, is the defendant named in

this suit or that plaintiff intended to name another Yale-affiliated entity, then it appears that

plaintiff's statement that the defendant has "0" employees was simply an inadvertent error that is

subject to correction.  At present, however, plaintiff has not alleged that defendant has a

sufficient number of employees to bring the defendant within the purview of Title VII.

Second, while plaintiff asserts that he filed charges with the Equal Employment

Opportunity Commission ("EEOC"), he failed to attach a Notice of Right to Sue Letter from the

EEOC, despite the Complaint form's instruction that it was necessary.  Doc. No. 1, at 4.

("**NOTE**: If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the

Notice of Right to Sue letter for this Court to consider your claim(s).") (emphasis in original).

Nor does plaintiff reference the existence of such a letter by its date.  Without that information,

the Court is unable to ascertain whether plaintiff has fully exhausted his administrative remedies

and/or timely filed this action.  *See Hansen v. Jones Lang LaSalle Americas, Inc.*, 103 F. Supp.

3d 221, 223 (D. Conn. 2015) (Title VII plaintiff must satisfy two conditions before commencing

suit in federal court: (1) he must timely file administrative charges with the EEOC; and (2) he

must obtain a right to sue letter from the EEOC and file suit within ninety days of receipt of that

letter) (internal citation and quotations omitted).

Third, on its face, the complaint fails to meet the required elements of a *prima facie* case

of employment discrimination.  While plaintiff alleges that he was not hired or promoted due to

his race and color, he fails to set forth the nature of the position for which he was not hired or to

which he was not promoted.  Further, he does not allege any facts from which the Court can

---

[3] The Complaint fails to list the defendant's address. The defendant is only referred to as "Yale."

conclude that he was qualified for that position.  Lastly, while it appears plaintiff alleges that he was eligible for hire, he fails to set forth any facts whatsoever which suggest an inference that the defendant did not hire or promote him on account of discriminatory conduct based on his race and/or color.  In summary, the Court finds that plaintiff provides insufficient facts in support of his allegation of employment discrimination.  While the Court recognizes that *pro se* complaints should be liberally construed, the Court does not find a cognizable claim on the face of the complaint based on the lack of any factual detail here.  Accordingly, the Court recommends that the complaint be dismissed for failure to a state a claim upon which relief can be granted.

However, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court will permit "a *pro se* plaintiff who is proceeding *in forma pauperis*" to file an amended complaint that attempts to state a claim upon which relief can be granted.  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Here, while plaintiff has failed to state a cognizable claim in his original complaint, it is certainly possible that he could cure deficiencies identified in that pleading and adequately assert a claim against the defendant.  Therefore, the Court recommends the complaint be dismissed, but without prejudice.

### Conclusion

For the reasons stated above, the Court recommends that plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 2-1) be **DENIED**, without prejudice, and that the Complaint (Doc. No. 1) be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

This is a recommended ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being

served with this order. *See* Fed. R. Civ. P. 72(b)(2). "Any party receiving notice of an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection." D. Conn. L. Civ. R. 72.2(a). Accordingly, any objection must be filed on or before **January 18, 2022**. Failure to object by that date will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir. 1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.*, 66 F.3d 566, 569 (2d Cir. 1995).

Plaintiff is not required to object to this recommended ruling. Rather, plaintiff has three options in responding to this recommended ruling:

1.   If plaintiff disagrees with the recommendations, he must file an objection by **January 18, 2022**.

2.   If the plaintiff wishes to accept the recommendations and wishes to amend his financial affidavit in support of his motion for leave to proceed *in forma pauperis* and to amend his complaint, plaintiff should do so by **January 18, 2022**.

3.   If the plaintiff wishes to accept the recommendations and does not wish to amend his financial affidavit or complaint, then he need not take any action and the lawsuit will be dismissed after January 18, 2022, without prejudice.

**SO ORDERED**, on this 29th day of December, 2021, at Bridgeport, Connecticut.

*/s/  S. Dave Vatti*
Hon. S. Dave Vatti
United States Magistrate Judge

8